UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUNE G. ANDERS, | ) | CASE NO. 5:11 CV 2098 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| DOLGENCORP, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is defendants' motion to dismiss and motion to strike (Doc. No. 8), seeking dismissal of Count 2 (intentional infliction of emotional distress), Count 3 (public policy violation), and Count 4 (punitive damages) of plaintiff's complaint, and seeking to strike plaintiff's request for compensatory and punitive damages, for "lost earning potential," and for a jury trial.

The motion was filed on November 4, 2011. Under Local Rule 7.1(d), any memorandum in opposition was due by no later than December 5, 2011. No such opposition has been filed. Therefore, the Court considers the motion unopposed.

For the reasons set forth herein, the motion is **GRANTED**.

## BACKGROUND

On October 4, 2011, plaintiff filed a complaint based on diversity jurisdiction.[1] She alleges that she was born on June 5, 1946, and, at all relevant times, was within the class protected under O.R.C. Chapter 4112. (Compl. ¶¶ 2, 4.)

---

[1] The complaint mistakenly cites 28 U.S.C. § 1331, instead of § 1332. However, it clearly alleges that it is "a civil action between citizens of different states[]" (Compl. Prefatory ¶ and ¶ 1), with one defendant being a Kentucky Limited Liability Company, the other defendant being a Tennessee Limited Liability Company, both defendants having their principal place of business in Tennessee and plaintiff being a citizen of Ohio.

Plaintiff was employed by the defendants as an Assistant Manager of the Dollar General Store in Bolivar, Ohio, from approximately May 2007 until her termination on or about October 8, 2010. (Comp. ¶ 5.)

Defendants had a written policy that included a no tolerance policy for all employees doing any work off the clock. Furthermore, employees were told by defendants that breaks and lunch periods were to be uninterrupted periods of time and were instructed not to work off the clock during those times. (Compl. ¶ 6.) However, Scott Fritz, the Store Manager, knew that employees worked off the clock, encouraged them to do so, and never reprimanded anyone for working off the clock. (*Id*. ¶¶ 7, 8.)

On or about September 18 and 19, 2010, while Scott Fritz was on vacation, plaintiff worked off the clock to get stock work completed by the deadline and to retrieve bags for a new employee. (Compl. ¶ 10.) When Fritz returned from vacation, he reviewed videotapes of the activity in the store during his absence, and saw that plaintiff had worked off the clock on the two days he was gone; Fritz reported this to District Manager, Jan Urbas. (*Id*. ¶ 11.) On October 8, 2010, Urbas, based on her investigation of Mr. Fritz's report that plaintiff worked off the clock in September 2010, terminated plaintiff, without giving plaintiff any type of disciplinary warning. (*Id*. ¶ 12.)

Plaintiff alleges that her termination was unlawful and that she was replaced by someone substantially younger. (Compl. ¶¶ 14, 15.)

In Count One, plaintiff alleges a state law claim of age discrimination under O.R.C. §§ 4112.14 and 4112.99. She seeks "back and front pay and compensatory, reinstatement, punitive damages, plus reasonable attorneys' fees and costs." (Compl. ¶ 21.)

In Count Two, incorporating all the previous paragraphs of her complaint, including the allegations of age discrimination, plaintiff alleges a public policy violation under *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St. 3d 228 (1990) and seeks "back pay and front pay, compensatory and punitive damages, plus reasonable attorneys' fees and costs." (Comp. ¶¶ 23, 24.)

In Count Three, plaintiff alleges a claim of intentional infliction of emotional distress. (Compl. ¶¶ 26-30.)

Finally, in Count Four, plaintiff alleges a claim for punitive damages because defendants' conduct was "conscious, deliberate, intentional, and/or reckless in nature[]" and "evidence[d] a conscious disregard for the rights of other persons that has a great probability of causing substantial harm." (Compl. ¶¶ 32, 33.)

Plaintiff seeks judgment "in an amount which exceeds" $25,000 and:

(1) An award for lost wages, benefits and other compensation;
(2) An award of front pay for lost future wages, benefits and other compensation, as well as for lost earning potential, from the date of judgment forward;
(3) An award for costs and disbursements incurred in connection with this action including attorneys' fees and cost;
(4) An award of punitive damages to deter Defendants from engaging in discriminatory conduct in the future;
(5) An award of pre-judgment and post-judgment interest as provided by law; and,
(6) Such other relief as may be deemed just and equitable by this Court.

**DISCUSSION**

A.  **Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

1.  **Public Policy Claim for Wrongful Discharge**

Plaintiff's complaint asserts that defendants violated public policy by engaging in conduct that violated O.R.C. §§ 4112.14 and 4112.99. It is well-established, however, that an adequate statutory remedy already exists to protect Ohio's public policy against age

4

discrimination. *See Leininger v. Pioneer Nat'l Latex*, 115 Ohio St. 3d 311, 319 (2007) (holding that "[a] common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim for age discrimination.").

Therefore, plaintiff's claim in Count Two fails as a matter of law and defendants are entitled to dismissal of that claim.

### 2.     **Intentional Infliction of Emotional Distress**

To establish a claim of intentional infliction of emotional distress ("IIED"), a plaintiff must prove: "(1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it." *Kerr v. Hurd*, 694 F. Supp. 2d 817, 846 (S.D. Ohio 2010) (quoting *Ekunsumi v. Cincinnati Restoration*, Inc., 120 Ohio App.3d 557, 698 N.E.2d 503, 506 (1997)).

The allegations of Count Three of the complaint exactly parrot the bare elements of a claim of IIED, as follows:

> 26.   Defendants' intended to cause emotional distress to Plaintiff.
> 27.   Defendants' conduct was so extreme and outrageous as to go beyond the bounds of decency, as such conduct is considered intolerable in a civilized society.
> 28.   Defendants proximately caused Plaintiff's emotional distress.
> 29.   The mental anguish suffered by Plaintiff is so serious and of a nature that no reasonable person can be expected to endure it.
> 30.   As a direct and proximate result of the Defendants' behavior and misconduct, Plaintiff suffered emotional harms.

(Compl. ¶¶ 26-30.) This is precisely the type of pleading that *Twombly* and *Iqbal* addressed as insufficient. This complaint provides no additional facts to support the IIED claim. Under Ohio law, a plaintiff may establish the tort of IIED only if "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 375 (1983) (overruled on other grounds). "[A]n employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375-76 (6th Cir. 1999).

Defendants are entitled to dismissal of the claim in Count Three.

**B.      Motion to Strike**

The remedies available to a plaintiff for alleged age discrimination under O.R.C. § 4112.14 are expressly delineated by the statute: "reimbursement to the [...] employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action." O.R.C. § 4112.14(B). Although plaintiff also alleges age discrimination under O.R.C. § 4112.99, which provides that "whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief[,]" the Ohio Supreme Court has held that "an age-discrimination claim brought under R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14." *Meyer v. United Parcel Service,*

6

*Inc.*, 122 Ohio St. 3d 104, 112 (2009) (rejecting a broader reading of *Leininger*, *supra*). "To allow the general provisions of R.C. 4112.99 to prevail over the specific provisions of R.C. 4112.02(N) and 4112.14 would ignore the relevant statutes and would turn the framework of R.C. Chapter 4112 relating to age-discrimination claims on its head." *Id*. Therefore, under the language of § 4112.14, plaintiff is not entitled to seek compensatory or punitive damages or any "lost earning potential."

Similarly, § 4112.14 does not create a right to trial by jury. *Hoops v. United Telephone Co. of Ohio*, 50 Ohio St. 3d 97, 102 (1990) (construing former O.R.C. § 4101.17, now O.R.C. § 4112.14, and holding "[b]ecause actions for employment discrimination, such as that provided by R.C. [4112.14], did not exist at common law, there is no right to a jury trial under R.C. [4112.14]."). Under Ohio Civ. R. 39(A)(2), the Court may, upon motion or its own initiative, strike a jury demand if it finds "that a right of trial by jury of some or all of [the] issues does not exist." *See also* Fed. R. Civ. P. 39(a)(2).

Accordingly, defendants' motion to strike plaintiff's request for compensatory damages, punitive damages, "lost earning potential," and for a jury trial is **GRANTED**

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss Counts 2, 3 and 4 of the Complaint is **GRANTED**. Further, defendants' motion to strike plaintiff's request for compensatory damages, punitive damages, lost earning potential, and a jury trial is **GRANTED**.

**IT IS SO ORDERED**.

Dated: December 19, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**